

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Newell Cambron
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. O-5456
Re: Can the County Auditor
legally place in the
salary fund as commis-
sions of the County
Treasurer, an amount
in excess of his maxi-
mum salary?

The above question is presented in your letter of July 17, 1943, requesting an opinion of this Department. As an illustration, you specifically desire to know if you can place in the salary fund of your county an amount not to exceed the two and a half percent commission of all monies received and disbursed by the County Treasurer or a maximum of $2000.00, either of which sums would exceed the $1800.00 per year being paid him as salary.

We have determined that Hopkins County has a population of 30,274 inhabitants according to the 1940 census, and consequently, its county officers are compensated under the provisions of the Officers' Salary Law.

Section 13, Article 3912e, Vernon's Annotated Civil Statutes, in part, provides:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabit-ants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authoriz-ed and it shall be its duty to fix the salaries of all the following named officers, to-wit: sheriff, asses-

sor and collector of taxes, county judge, county attorney, including criminal district attorneys and county attorneys who perform the duties of district attorneys, district clerk, county clerk, treasurer, hide and animal inspector. Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; provided that in counties having a population of twenty thousand (20,000) and less than thirty-seven thousand five hundred (37,500) according to the last preceding Federal Census, and having an assessed valuation in excess of Fifteen Million ($15,000,000.00) Dollars, according to the last approved preceding tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation or fractional part thereof, in excess of said Fifteen Million ($15,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935;...."

This Department held in our Opinion O-3132, a copy of which is hereto attached, that commissions authorized by Article 3941 Revised Civil Statutes 1925, can no longer be charged to the county in those counties with twenty thousand (20,000) inhabitants or more, consequently such commissions are not to be deposited in the Officers' Salary Fund of the County.

Section 6, (b) Article 3912e, Vernon's Annotated Civil Statutes, provides that the Commissioners' Court shall transfer from the general fund of the County to the Officers' Salary Fund or Funds of such County, such funds as may be necessary to pay the salaries and other claims chargeable against the same when the monies deposited therein are insufficient to meet the claims payable therefrom. Only under and in accordance with this provision may such an amount necessary, not exceeding the amount fixed as the salary of your County Treasurer, under the provisions of Section 13, Article 3912e, supra, be transferred into the Officers' Salary Fund.

Honorable Newell Cambron, page 3.


It is the opinion of this Department that your question be, and it is, therefore, answered in the negative.

APPROVED AUG 4, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:bp

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN